EXHIBIT A



585997

RECEIVED
CIVIL
2021 AUG 16 AM 10: 24
KING COUNTY SHERIFF

1

**FILED**
2021 AUG 03 01:31 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-10220-1 KNT

4

5

6

7

8       IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
9            IN AND FOR THE COUNTY OF KING

10    CHARLES JAMES PELLUM,

11                        Plaintiff,              Case No. _____

12    v.                                          **SUMMONS IN A CIVIL CASE**
                                                  **TO DETECTIVE MICHAEL**
13    CITY OF FEDERAL WAY, WASHINGTON,            **COFFEY**
14    and DETECTIVE MICHAEL COFFEY, in his
      individual and/or official capacities, and
15    Jane/John Doe, in his/her individual and/or
      official capacities,
16
                        Defendants.
17

18    TO:    **DETECTIVE MICHAEL COFFEY**
19           c/o City of Federal Way – Mayor's Office
             33325 8th Avenue South
20           Federal Way, WA 98003

21          A lawsuit has been started against you in the above-entitled Court by the above-named

22    Plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon you

23    with this summons.

24          In order to defend against this lawsuit, you must respond to the complaint by stating your

25    defense in writing, and by serving a copy upon the undersigned attorneys for Plaintiff within twenty

26    (20) days after service of this summons, excluding the day of service, or a default judgment may be

SUMMONS IN A CIVIL CASE TO
DETECTIVE MICHAEL COFFEY
Page 1 of 2

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1  entered against you without notice.  A default judgment is one where the Plaintiff is entitled to what

2  has been asked for because you have not responded.  If you serve a notice of appearance on the

3  undersigned person, you are entitled to notice before a default judgment may be entered.

4         You may demand that the Plaintiff files this lawsuit with the Court.  If you do so, the demand

5  must be in writing and must be served upon the person signing this summons.  Within fourteen (14)

6  days after you serve the demand, the Plaintiff must file this lawsuit with the Court or the service on

7  you of this summons and complaint will be void.

8         If you wish to seek the advice of any attorney in this matter, you should do so promptly so

9  that your written response, if any, may be served on time.

10        THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

11  of Washington.

12

13        DATED this 3rd day of August 2021.

14

15  By: */s/ Vonda M. Sargent*                        By: */s/ Susan B. Mindenbergs*

16  Vonda M. Sargent, WSBA #24552              Susan B. Mindenbergs, WSBA #20545
   *Attorney for Plaintiff*                              *Attorney for Plaintiff*

17  Law Offices of Vonda M. Sargent             Law Office of Susan B. Mindenbergs
   119 First Avenue South, Suite 500            705 Second Avenue, Suite 1050

18  Seattle, WA 98104                            Seattle, WA 98104
   Telephone: (206) 838-4970                    Telephone: (206) 447-1560

19  Facsimile:  (206) 682-3002                   Facsimile:  (206) 447-1523
   Email: sisterlaw@me.com                       Email: susanmm@msn.com

20

21

22

23

24

25

26

SUMMONS IN A CIVIL CASE TO
DETECTIVE MICHAEL COFFEY
Page 2 of 2

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM



1

2

3

4

5

6

7

**FILED**
2021 AUG 03 01:31 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-10220-1 KNT

8   IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

9   IN AND FOR THE COUNTY OF KING

10  CHARLES JAMES PELLUM,

11                  Plaintiff,                  Case No. _____

12  v.                                          **PLAINTIFF'S COMPLAINT**
                                                **FOR DAMAGES**
13  CITY OF FEDERAL WAY, WASHINGTON,
14  and DETECTIVE MICHAEL COFFEY, in his
    individual and/or official capacities, and
15  Jane/John Doe, in his/her individual and/or
    official capacities,
16
                    Defendants.
17

18

19          **I.     NATURE OF ACTION**

20      1.1     This is an action for violations of 42 U.S.C. § 1983 for violations of Plaintiff Charles

21  James Pellum's Fourth Amendment rights to be free from malicious prosecution and unreasonable

22  seizure and violations of Plaintiff's Fourteenth Amendment equal protection rights and violations

23  of related Washington state laws.

24          **II.    PARTIES**

25      2.1     Plaintiff Charles James Pellum ("Mr. Pellum") has, at all relevant times, resided in

26  Pierce County, Washington.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1 of 7

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

2.2    Defendant City of Federal Way, Washington is a municipal corporation located in King County, Washington.  Federal Way Police Department is a division of the City of Federal Way, Washington.

2.3    Defendant Detective Michael Coffey ("Defendant Coffey"), at all relevant times, was employed by the City of Federal Way Police Department.

2.4    At all relevant times, Defendant Coffey was acting within the scope of his employment.

2.5    At all relevant times, Defendant Coffey was acting in his individual and/or official capacity.

2.6    At all relevant times, Defendant Coffey was acting under color of state law when he submitted perjured testimony in the Certification for Determination of Probable Cause dated February 1, 2019, accusing Plaintiff Pellum of intimidating a witness.

### III.    JURISDICTION AND VENUE

3.1    This action arises from the unreasonable seizure, and malicious prosecution of Plaintiff Charles James Pellum committed by Federal Way Police Department, its officers, and others.  The incidents giving rise to these actions that occurred in King County, Washington.

3.2    Jurisdiction is vested in this Court under RCW 2.08.010.

3.3    King County is the proper venue for this action pursuant to  RCW 4.12.020.

3.4    On or about November 30, 2020, Plaintiff filed an Administrative Claim for Damages pursuant to RCW 4.96.020.  More than 60 days have elapsed since the claim was filed with Defendant City of Federal Way.

3.5    The filing of the Administrative Claim for Damages satisfies the notice requirement to the City of Federal Way pursuant to RCW 4.96.020.

### IV.    BACKGROUND FACTS

4.1    Plaintiff Charles James Pellum is a Black person and a single father.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2 of 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1    4.2    On or about January 6, 2019, at approximately 4:57 p.m., Leilani Gennings reported

2 through a 911 call that a person unknown to her had accosted her less than five minutes before at a

3 Fred Meyer store located in Federal Way, Washington.

4    4.3    Ms. Gennings reported to the Federal Way Police Department (FWPD) that a person

5 in the store had threatened her about her testimony in an upcoming criminal trial sentencing

6 involving the murder of her son.

7    4.4    FWPD officers reviewed surveillance footage of Ms. Gennings at the register at the

8 time of the alleged incident.   The investigating officer stated in the Police Report for Incident

9 #190000251 that "[n]o male could be seen in the footage."

10    4.5    On or about January 14, 2019, FWPD acquired additional surveillance footage from

11 Fred Meyer.

12    4.6    On or about January 16, 2019, Mr. Pellum was identified under the category of

13 "suspect information" as "CJ Pellum" in the Police Report for Incident #190000251 pertaining to

14 the alleged incident that occurred on January 6, 2019.

15    4.7    At the time of any alleged incident and/or threats made at the Fred Meyer store on or

16 about January 6, 2019, Mr.  Pellum was working in downtown Seattle for his employer Pacific

17 Building Services, Inc. ("PBS").  GPS data confirms Mr. Pellum clocked into his job in Seattle on

18 January 6, 2019, at 4:04 p.m.

19    4.8    On or about January 24, 2019, Defendant Coffey reviewed the Fred Meyer

20 surveillance footage of the date and time of the alleged incident and found that the footage showed

21 neither Mr. Pellum nor any incident involving Ms. Gennings.

22    4.9    Defendant Coffey prepared and signed under oath a document entitled Certification

23 for Determination of Probable Cause dated February 1, 2019.

24    4.10    In the Certification for Determination of Probable Cause Defendant Coffey falsely

25 testified that the surveillance footage from January 6, 2019 "captured Charles (Pellum) approaching

26 Leilani (Gennings)."

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW ·
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1    4.11 On or about February 6, 2019, King County Senior Deputy Prosecuting Attorney

2 (DPA) Jennifer L. Phillips filed an *ex parte* felony Information in King County Superior Court,

3 incorporating by reference the perjured Certification for Determination of Probable Cause, against

4 Mr. Pellum in which he was charged with intimidating a witness pursuant to RCW 9A.72.110(2),

5 (3), (4) and requested bail in the amount of $150,000.00.

6    4.12 Mr. Pellum was not present in court when a King County Superior Court judge

7 determined probable cause existed based on perjured information provided in the Certification of

8 Determination of Probable Cause.  Mr. Pellum did not have a full and fair opportunity to challenge

9 the probable cause determination.

10    4.13 A warrant was issued for the arrest of Mr. Pellum on or about February 6, 2019,

11 based on the perjured information provided in the Certification of Determination of Probable Cause

12 incorporated by reference into the Information filed with the Court.

13    4.14 On or about February 8, 2019, Mr. Pellum was arrested at his place of employment

14 and incarcerated based on the Information filed on February 6, 2019, incorporating the perjured

15 information provided in the Certification for Determination of Probable Cause signed by Defendant

16 Coffey.

17    4.15 On or about February 19, 2019, Mr. Pellum's family members provided Defendant

18 Coffey evidence demonstrating that Mr. Pellum was working in downtown Seattle at the time of the

19 alleged incident on January 6, 2019.

20    4.16 GPS data provided to Defendant Coffey on February 20, 2019, by Mr. Pellum's

21 employer, Pacific Building Services, Inc. (PBS), established that Mr. Pellum clocked in at work at

22 4:04 p.m. in downtown Seattle and that Mr. Pellum could not have been present at the Fred Meyer

23 store in Federal Way at the time of the alleged incident.

24    4.17 On or before February 20, 2019, Defendant Coffey interviewed PBS management,

25 supervisory, and other employees who confirmed the GPS data that placed Mr. Pellum at work in

26 downtown Seattle at the time of the alleged incident.

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

4.18    Mr. Pellum was arraigned in King County Superior Court on February 21, 2019, in violation of CrR 4.1(a)(1) which requires that a defendant detained in jail shall be arraigned not later than 14 days after the date of the information is filed.

4.19    At the arraignment, the Court imposed electronic home detention (EHD) on Mr. Pellum. Because of the time required to process EHD, Mr. Pellum remained in jail for several more days after the arraignment.

4.20    At the arraignment of Mr. Pellum, DPA Phillips, representing the State of Washington, withheld exculpatory evidence including the fact that the State has obtained video from the time of the alleged incident and no event is captured on any of the surveillance footage and the fact that Mr. Pellum's employer has provided documentary evidence based on GPS data and witnesses confirming the GPS data that Mr. Pellum was at work in downtown Seattle at the time of the alleged incident in Federal Way.

4.21    Based on the perjured information contained in the Certification for Determination of Probable Cause, Mr. Pellum was incarcerated in the King County Jail for 17 days and remained in custody for an additional 14 days.

4.22    The State of Washington sought and received an order of dismissal of the charge against Mr. Pellum. The matter was dismissed on March 11, 2019.

4.23    There was no probable cause to charge, arrest, and/or to prosecute Mr. Pellum.

4.24    Defendants instituted and continued the prosecution of Mr. Pellum through malice.

4.25    Defendants brought this action against Mr. Pellum to deny him due process and equal protection under the United States Constitution.

4.26    Upon information and belief, Defendant Coffey and Defendant Doe initiated and pursued criminal proceedings against Mr. Pellum leading to his arrest and incarceration because of his race.

4.27    Mr. Pellum has sustained significant economic losses and has endured substantial emotional distress damages because of Defendants' wrongful conduct.

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

## V.    CAUSES OF ACTION

5.1    Plaintiff hereby realleges the substance of sections I, II, III, and IV and by this reference incorporates them herein.

5.2    Defendants' conduct constitutes malicious prosecution.

5.3    Defendants' conduct constitutes intentional infliction of emotional distress.

5.4    The City of Federal Way is liable under 42 U.S.C. § 1983 for depriving Charles James Pellum of his Fourth Amendment rights because of its deliberate indifference to Mr. Pellum's constitutional rights by failing to have an appropriate policy that could have prevented the violation.

5.5    Defendant Michael Coffey is liable under 42 U.S.C. § 1983 for violating Charles James Pellum's Fourth Amendment due process rights to be free of arrest and deprivation of liberty based on false evidence that was deliberately fabricated.

5.6    Defendant Michael Coffey is liable under 42 U.S.C. § 1983 for violating Charles James Pellum's equal protection rights under the Fourteenth Amendment to be free of racial animus.

5.7    Defendant Doe is liable under 42 U.S.C. § 1983 for violating Charles James Pellum's Fourth due process rights to be free of arrest and deprivation of liberty.

5.8    Defendant Doe is liable under 42 U.S.C. § 1983 for violating Charles James Pellum's equal protection rights under the Fourteenth Amendment to be free of racial animus.

## VI.    RELIEF REQUESTED

6.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V and by this reference incorporates them herein.

WHEREFORE, Plaintiff respectfully requests this Court grant him relief to include:

a.    Economic damages;

b.    Emotional distress, pain and suffering, and any medical expenses flowing therefrom, and damages to be proved at trial;

c.    Special damages in an amount to be proved at trial;

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6 of 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1      d.  Punitive damages;

2      e.  Plaintiff's reasonable attorney fees pursuant to 42 U.S.C. § 1988;

3      f.  Costs of suit as provided by 42 U.S.C. § 1988;

4      g.  Tax consequences; and

5      h.  Such other and further relief as the Court may deem just and equitable.

6

7      DATED this  3rd day of August 2021.

8

9   By: */s/ Vonda M. Sargent*                     By: */s/ Susan B. Mindenbergs*
    Vonda M. Sargent, WSBA #24552        Susan B. Mindenbergs, WSBA #20545
10  *Attorney for Plaintiff*                          *Attorney for Plaintiff*
    Law Offices of Vonda M. Sargent         Law Office of Susan B. Mindenbergs
11  119 First Avenue South, Suite 500         705 Second Avenue, Suite 1050
    Seattle, WA 98104                               Seattle, WA 98104
12  Telephone: (206) 838-4970                 Telephone: (206) 447-1560
    Facsimile:  (206) 682-3002                  Facsimile:  (206) 447-1523
13  Email: sisterlaw@me.com                    Email: susanmm@msn.com

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7 of 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM



**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| CHARLES JAMES PELLUM | NO. 21-2-10220-1 KNT |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: SHAH, Dept. 50 |
| City of Federal Way and Detective Michael Coffey | |
| | FILED DATE: 08/03/2021 |
| Defendant(s) | TRIAL DATE:08/01/2022 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

**I. NOTICES**

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
       **You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|-----------|-----------|
|   | Case Filed and Schedule Issued. | 08/03/2021 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | 01/11/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 01/11/2022 |
|   | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 01/25/2022 |
|   | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 02/28/2022 |
|   | **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 04/11/2022 |
|   | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | 04/25/2022 |
|   | **DEADLINE** for a Change in Trial Date [See KCLCR 40(e)(2)]. | 04/25/2022 |
|   | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | 06/13/2022 |
|   | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 07/05/2022 |
|   | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 07/11/2022 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 07/11/2022 |
|   | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 07/18/2022 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 07/25/2022 |
|   | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 07/25/2022 |
|   | Trial Date [See KCLCR 40]. | 08/01/2022 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.


DATED:     08/03/2021


_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

7 governs these motions, which include discovery motions.  The local civil rules can be found at
www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine,
motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the
assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local
Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be
found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**  Under the court's local civil rules, emergency motions will usually be allowed only
upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex
Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be
addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed
with the Clerk's Office.**  Please see information on the Clerk's Office website at
www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file
documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on
the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of
the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned
judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of
motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions
Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at
www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be
electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to
accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please
see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested
relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed
order with the Clerk of the Court**.  Should any party desire a copy of the order as signed and filed by the
judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute
orders electronically.  Review the judge's website for information:
www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex
Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented
to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk
application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If
the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an
order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented
to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte
via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-
attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting
the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof
are entered in the Ex Parte and Probate Department, counsel is responsible for providing the
assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200
words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

3

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

3